■ In the Matter of SHARON A.-C., Appellant, v BRIAN K.K., Respondent. [783 NYS2d 803]—

Order, Family Court, New York County (Mary E. Bednar, J.), entered on or about August 8, 2002, which adopted the determination of the Hearing Examiner that respondent willfully failed to pay $239,636.91 in child support arrears due and owing, and placed respondent on probation for three years or until such time as the arrears were liquidated, unanimously modified, on the law and the facts, to vacate that portion of the order continuing Support Collection Unit (SCU) income execution, and the matter remitted for entry of the appropriate order pursuant to CPLR 5242, and otherwise affirmed, without costs.

Insofar as it continued SCU income execution, the appealed order effectively relegated appellant to the collection of $50 per week on total arrears owing of $239,636.91, and in so doing denied her meaningful relief since, in a case such as this one involving arrears only, applicable regulations limit the amount SCU can collect to $50 per week (*see* 18 NYCRR 347.9 [e] [1] [iii]). Instead, the court should have entered an order pursuant to CPLR 5242, which would permit deductions of up to 65% of respondent's disposable earnings. Remand is necessary for a determination of respondent's disposable income and his obligations, if any, with respect to any spouse or other dependent children.

We have considered petitioner's other contentions and find them unavailing. Concur—Sullivan, J.P., Ellerin, Williams, Gonzalez and Catterson, JJ.